**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LIHUI HAO,

      Petitioner,

v.

                                        Case No. 2:26-cv-00929-MIS-KRS

MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security;
TODD BLANCHE, Acting Attorney General
of the United States; TODD M. LYONS,
Acting Director of U.S. Immigration and
Customs Enforcement; MARY DE ANDA-
YBARRA, El Paso ICE Field Office
Director; and DORA CASTRO, Warden of
Otero County Processing Center, in their
official capacities,

      Respondents,

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner Lihui Hao's Petition for Writ of Habeas

Corpus Under 28 U.S.C. § 2241, 8 U.S.C. §§ 1225, 1226, APA, 5 U.S.C. § 706, Complaint for

Declaratory and Injunctive Relief ("Petition"), ECF No. 1, filed March 27, 2026.

On March 30, 2026, the Court issued an Amended Order to Show Cause, ECF No. 4, which

instructs that Respondents "shall respond to the Petition and show cause why the requested relief

should not be granted" within ten business days.  Id. at 2.  The Order requires Respondents to

"specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether

the facts are distinguishable from prior rulings."  Id. (citing Lopez-Romero v. Lyons, Case No.

2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026); Khan v. Sec'y of Dep't of

Homeland Sec., Case No. 2:26-cv-00315-MIS-GJF, 2026 WL 776190 (D.N.M. Mar. 19, 2026)).

On April 13, 2026, the Federal Respondents filed a Response to the Petition.  ECF No. 7. Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-CV-00019-MIS-JFR, 2026 WL 74195 (D.N.M. Jan. 9, 2026), and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention[.]"  Id. at 2-3. However, Respondents maintain that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b).  Id. at 3.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.  The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 7. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, 8 U.S.C. §§ 1225, 1226, APA, 5 U.S.C. § 706, Complaint for Declaratory and Injunctive Relief, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Lihui Hao from custody/detention without restraints beyond those that existed before his unlawful detention;

3. Respondents **SHALL** return all of Petitioner's personal belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal and concrete, imminent travel plans to remove Petitioner—without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3